# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-701-GW-SKx | Date | September 5, 2019 |
|---|---|---|---|
| Title | *Law Offices of Kambiz Drake v. Ronald A. Gregg, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Anne Kielwasser | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Siamak E. Nehoray | None Present |

**PROCEEDINGS:    PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT RONALD A. GREGG [17]**

Court and counsel confer. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Application is DENIED and Plaintiff will have until September 19, 2019 to file an amended application.

|  | : | 02 |
|---|---|---|
| Initials of Preparer | JG | |

**_Law Offices of Kambiz Drake v. Gregg, et al._**, Case No./ 2:19-cv-00701-GW-(SKx)
Ruling on Application for Entry of Default Judgment Against Defendant Ronald A.
Gregg

The Court initially held a hearing on the instant application on August 22, 2019,
issuing a tentative ruling that would have, if confirmed, resulted in denial of the application
for default judgment because the averments of the Complaint included the factual
allegation that the money in question that had been lost as a result of the alleged interactions
between plaintiff Law Offices of Kambiz Drake ("Plaintiff") and defendant Ronald A.
Gregg ("Defendant") was not Plaintiff's money, but was instead that of an unnamed
"Buyer" in the intended Bitcoin transaction.  *See* Docket No. 18; *see also* Complaint ¶¶ 13,
15.  The Court held off on confirming its tentative ruling as its final ruling because Plaintiff
requested supplemental briefing to attempt to demonstrate why *the Complaint* did not pose
the problem the Court observed.

Plaintiff's supplemental brief relies not on the Complaint (or the First Amended
Complaint), but on a further declaration from Kambiz Drake and an Escrow Agreement
between the now-identified "Buyer" and an entity named "Nehoray & Drake, LLP,"
identified as the "Escrow Agent" in that agreement.  *See* Docket No. 19, at 2:17-6:4; Docket
Nos. 19-3, 19-4.  Putting aside the fact that "Nehoray & Drake, LLP" is not a party to this
action (thereby apparently creating a still-further potential problem with Plaintiff's
standing here),[1] a defaulting defendant admits the allegations in the Complaint served upon
him.  He does not admit factual material that is submitted to the Court *after* his default is
taken.  As a result, the assertions in Mr. Drake's declaration and the contents of the Escrow
Agreement are neither-here-nor-there for purposes of the instant application.

Even if the Court could consider that declaration (and the attached Escrow
Agreement said what Plaintiff asserts it says, not what it actually says, *see* Footnote 1,
*supra*), Plaintiff simply argues – with no supporting citation whatsoever – that, "[a]s the

---

[1] Plaintiff's supplemental brief purports to provide an exact quotation from that Escrow Agreement, a
quotation which Plaintiff indicates begins with the following sentence:  "At all time [*sic*] Escrow Agent
(Law Offices of Kambiz Drake) will remain Fiduciary of the funds."  Docket No. 19, at 5:18-21.  The
parenthetical is not to be found in the Escrow Agreement's actual language.  Furthermore, as noted above,
the "Escrow Agent" identified in the actual Escrow Agreement is "Nehoray & Drake, LLP," *not* Plaintiff.
The Court may also take this apparent misrepresentation into consideration as part of the analysis
conducted in connection with any future request for a default judgment in this action.

responsible party for the funds, [Plaintiff] became the real party in interest and therefore had standing to file the instant lawsuit against Defendants to recover the funds so that he [*sic*] could return the money to [the now-identified "Buyer"]."  Docket No. 19, at 6:1-4. Were the Court actually open to considering Mr. Drake's declaration and the attached Escrow Agreement in support of this application – which, for the expressed reasons, it is not – Plaintiff would have had to support this assertion with citation to controlling authority establishing that point.

The application is denied for the reasons more fully-expressed in the tentative ruling issued August 22, 2019.  The Court would consider setting an Order to Show Cause as to why this action should not be dismissed for failure to include necessary parties.